885 A.2d 35

MICHEVE, L.L.C., PLAINTIFF–RESPONDENT, v. WYNDHAM PLACE AT FREEHOLD CONDOMINIUM ASSOCIATION, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 11, 2005—Decided November 3, 2005.

Before Judges SKILLMAN, PAYNE and LEVY.

*Kenneth W. Biedzynski* argued the cause for appellant (*Goldzweig, Farrell & Green,* attorneys; *Mr. Biedzynski,* of counsel and on the brief).

*Virginia Kilcoyne* argued the cause for respondent (*Bruce H. Dexter,* attorney; *Ms. Kilcoyne,* on the brief).

The opinion of the court was delivered by

SKILLMAN, P.J.A.D.

The question presented by this appeal is whether a condominium association may impose a non-refundable capital contribution fee whenever there is a transfer of title to a condominium unit. We conclude that such an imposition violates the provisions of the Condominium Act, *N.J.S.A.* 46:8B–1 to –38, which require the common expenses for maintenance of a condominium's common elements to be charged to all unit owners.

Defendant is a condominium association subject to the provisions of the Condominium Act. Those provisions include *N.J.S.A.* 46:8B–17, which requires a condominium association's "common expenses" to be "charged to unit owners according to the percentage of their respective undivided interests in the common elements."

In April 2002, defendant's Board of Directors adopted a resolution which provides that "[u]pon acquisition of title to a unit, the unit owner shall pay to the Association a one time non-refundable working capital contribution of $750." The same resolution also requires payment of "a one time processing fee of $125.00" upon acquisition of title to any condominium unit.

In March 2003, plaintiff acquired title to one of the units within defendant's condominium complex by a sheriff's deed. In June 2003, plaintiff resold the unit to a third party. At closing, defendant required plaintiff to pay various charges, including both the $750 non-refundable working capital contribution and the $125 processing fee established by the April 2002 resolution.

Plaintiff subsequently brought this action seeking recovery of the $750 capital contribution.[1] Plaintiff brought the case before

---

[1] The complaint also challenged various other fees defendant charged plaintiff at the closing, including the balance of the maintenance fees owed by the unit's prior owner. During the pendency of this action, we decided in another action between the same parties that a purchaser of a condominium unit at a foreclosure sale is not liable for association fees owed by the prior owner. *Micheve, L.L.C. v. Wyndham Place at Freehold Condo. Ass'n,* 370 *N.J.Super.* 524, 528–33,

the trial court by motion for summary judgment. The court concluded that the $750 capital contribution, assessed only on new purchasers of condominium units, violated the Condominium Act and defendant's master deed and by-laws. Accordingly, the court entered judgment requiring defendant to refund this assessment to plaintiff.

*N.J.S.A.* 46:8B–17 provides in pertinent part:

> The common expenses shall be charged to unit owners according to the percentage of their respective undivided interests in the common elements as set forth in the master deed and amendments thereto, or in such other proportions as may be provided in the master deed or by-laws.

Defendant's master deed and by-laws mirror this statutory standard for allocation of common expenses among all owners of condominium units. Section B(2) of the master deed states that "the percentage of interest of each dwelling unit appertaining to the common expenses ... shall be as set forth in [the by-laws]," and the by-laws state that the common expenses shall be assessed "among the Unit Owners according to their respective interest[s] in the Common Elements." The by-laws also require any special assessment for capital expenses to be imposed on this same basis.

The Condominium Act contains an expansive definition of "common expenses":

> "Common expenses" means expenses for which the unit owners are proportionately liable, including but not limited to:
>
> (i) all expenses of administration, maintenance, repair and replacement of the common elements;
>
> (ii) expenses agreed upon as common by all unit owners; and
>
> (iii) expenses declared common by provisions of this act or by the master deed or by the bylaws.
>
> [*N.J.S.A.* 46:8B–3(e).]

■ Notwithstanding the provisions of the Condominium Act and defendant's master deed and by-laws that require the common

---

851 A.2d 743 (App.Div.2004). Based on that decision, defendant conceded it was liable for repayment of the prior owner's maintenance fees that plaintiff had paid at closing. Plaintiff has abandoned the other claims set forth in its complaint.

expenses of a condominium association to be paid by all unit owners according to their percentage interests in the common elements, defendant's Board of Directors adopted a resolution that imposed a special $750 assessment solely upon new purchasers of condominium units. Defendant does not allege that the proceeds from this assessment are used for any purpose other than the payment of common expenses incurred for the maintenance, repair and replacement of the condominium association's common elements. In fact, the only description of the use of those proceeds in the record is set forth in the certification of defendant's financial manager, which states: "[I]n order to maintain a certain standard of care throughout the Association certain fees must be assessed to new unit owners." Thus, it is undisputed that the non-refundable $750 capital contribution that new purchasers of condominium units are required to pay is used simply as an additional source of funds for defendant's common expenses.

Such an imposition upon only one class of condominium unit owners violates *N.J.S.A.* 46:8B–17 and other provisions of the Condominium Act that require common expenses to be charged to all unit owners based on their proportionate individual interests in the common elements. The capital contribution fee defendant imposes upon a transfer of title to a condominium unit is similar to the higher parking fee a condominium association imposed upon nonresident unit owners for use of the condominium garage, which the Court invalidated in *Thanasoulis v. Winston Towers 200 Ass'n*, 110 *N.J.* 650, 542 *A.*2d 900 (1988). In concluding that this discriminatory parking fee was invalid, the Court stated:

> [T]he Association is prohibited by the Act from discriminating against plaintiff because he is a nonresident owner. Under the Act, plaintiff is only *proportionately liable* for his share of the common expenses, *N.J.S.A.* 46:8B–3e, determined on the basis of plaintiff's proportionate undivided interest in the common elements. *N.J.S.A.* 46:8B–9(g). Another vice of the parking fee regulation is that the higher fees paid by nonresident owners necessarily reduce the common-elements charge apportioned among all owners. In effect, defendant has required plaintiff, through his tenant, to contribute three times more money to the common-expense fund for parking privileges than do other unit owners who do not rent their units. The result is that plaintiff is compelled to bear a disproportionate share of the common expenses.

[*Id.* at 661, 542 *A.2d* 900.]

Similarly, in *Chin v. Coventry Square Condo. Ass'n,* 270 *N.J.Super.* 323, 637 *A.2d* 197 (App.Div.1994), we held that the portion of a $375 rental fee charged by a condominium association each time a condominium owner rented a unit that exceeded the cost of reviewing lease documents and inspecting common elements was invalid. We concluded that, as in *Thanasoulis,* this portion of the fee constituted "a discriminatory revenue-raising device assessed only against a discrete class of unit owners," *id.* at 329, 637 *A.2d* 197, and that it "necessarily reduce[d] the common-elements charge paid by all owners at the expense of the owner-landlords." *Id.* at 330, 637 *A.2d* 197. Accordingly, we remanded to the trial court to determine what portion of the fee was justified by the condominium association's expenses that were "legitimately related to the rental transaction." *Ibid.*

The $750 non-refundable capital contribution that defendant assesses upon the transfer of title to a condominium unit constitutes the same type of discriminatory imposition of common expenses upon one class of unit owners that was declared invalid in *Thanasoulis* and *Chin.* Defendant has not undertaken to show that this assessment is justified by any extra expenses it incurs upon a transfer of title to a unit.[2] Rather, it is undisputed that the money derived from this assessment is used solely to pay common expenses for the maintenance, repair and replacement of the common elements from which all unit owners benefit. Therefore, this assessment violates the Condominium Act as well as defendant's own master deed and by-laws.

Defendant seeks to justify this special assessment upon new purchasers as an exercise of its Board's "business judgment." To determine whether a condominium association has properly

---

2 Such expenses appear to be covered by the $125 processing fee that defendant imposed in the same April 2002 resolution that imposed the $750 capital contribution. Plaintiff does not challenge the part of the resolution that imposed this processing fee. *See Chin, supra,* 270 *N.J.Super.* at 328, 637 *A.2d* 197.

exercised its managerial powers under the "business judgment rule," a court must consider "(1) whether the Associations' actions were authorized by statute or by its own by-laws or master deed, and if so, (2) whether the action is fraudulent, self-dealing or unconscionable." *Owners of the Manor Homes of Whittingham v. Whittingham Homeowners Ass'n, Inc.,* 367 *N.J.Super.* 314, 322, 842 *A.*2d 853 (App.Div.2004). As previously discussed, the $750 assessment upon transfer of title to a condominium unit violates the Condominium Act and defendant's own master deed and by-laws. Therefore, the business judgment rule, which governs judicial review of decisions within the scope of a condominium association's discretionary authority, has no applicability to this case. *See Verna v. Links at Valleybrook Neighborhood Ass'n, Inc.,* 371 *N.J.Super.* 77, 93, 852 *A.*2d 202 (App.Div.2004).

Affirmed.